IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Armando Despaigne Zulveta, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:23-650-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Park National Bank, Park National Corporation, Anderson County Library System, Anderson County Sheriff's Office, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Armando Despaigne Zulveta ("Zulveta"), proceeding pro se, brought this action challenging an order in a pending state court case. In his Report and Recommendation, Magistrate Judge McDonald recommends that this action be dismissed without prejudice, without leave to amend, and without issuance and service of process based on the Rooker-Feldman doctrine.

Zulveta filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Zulveta's objections are largely non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  Zulveta objects that the Rooker-Feldman doctrine is inapplicable because his "Anderson case" is still "pending."  (Objs. 3, ECF No. 30.)  The Rooker-Feldman doctrine is a jurisdictional rule that prevents a federal court from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[.]" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Put differently, a federal court does not have subject matter jurisdiction over claims that require the federal court to "conduct an appellate review of the state-court decision." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (internal quotation marks omitted).  Although the Rooker-Feldman doctrine does not apply where the state-court action in question is still pending at the time that the action in federal court commences, Exxon, 544 U.S. at 292, Zulveta's objection is without merit because Zulveta is challenging a state-court judgment that was entered prior to initiating this lawsuit.  Zulveta attached to his complaint a copy of judgment from the Anderson County, South Carolina, Court of Common Pleas and indicates that this is the judgment that he is challenging.  (Compl. Ex. 2 (Anderson Judgment), ECF No. 1-2.)  Thus, this action is subject to summary dismissal for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.  Dukes v. Stone, Civil Act. No. 3:08CV-505PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (unpublished) ("[F]ederal district courts lack the requisite appellate authority to reverse or modify a state-court judgment with which Congress empowered only the

United States Supreme Court. Thus, a federal district court does not have jurisdiction to overturn a state court judgment, even when the federal court complaint alleges, as Plaintiff's does in this case, that the state court judgment violates the plaintiff's federal constitutional rights." (internal citation omitted)); see also 28 U.S.C. § 1257 (granting the Supreme Court exclusive jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had").

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that this action is dismissed without prejudice, without leave to amend, and without issuance and service of process. It is further

**ORDERED** that Zulveta's motion to amend, docket number 26, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 26, 2023

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.